UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MELVIN J. COLLINS,

    Plaintiff,

vs.

A. W. O. J. HOWELL, et al.,

    Defendants.

Case No. 2:09-CV-02455-PMP-(LRL)

**ORDER**

        Before the court is plaintiff's civil rights complaint pursuant to 42 U.S.C. § 1983. The court has reviewed it, and the court determines that it must dismiss this action.

        When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

1    Plaintiff alleges that he was falsely charged with, and found guilty of, violations of
2 prison disciplinary rules. He further alleges that because of the sanctions, he did not earn credits
3 toward an earlier release from imprisonment and was denied parole. Compl., at pp. 4D-4E.
4    The court cannot grant plaintiff any relief through a civil rights action pursuant to 42
5 U.S.C. § 1983. Plaintiff asks the court to restore his credits toward an earlier release and for
6 monetary damages. Plaintiff must first have his credits restored and the parole decision reversed
7 through habeas corpus or other means before he can raise the issue in a civil rights action. See
8 Edwards v. Balisok, 520 U.S. 641, 648 (1997); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir.
9 1997).
10    IT IS THEREFORE ORDERED that the clerk of the court file the complaint.
11    IT IS FURTHER ORDERED that this action is **DISMISSED** for failure to state a
12 claim upon which relief can be granted. The clerk of the court shall enter judgment accordingly.
13    DATED: July 1, 2010.

_____
PHILIP M. PRO
United States District Judge

-2-